[Civ. No. 4492. First Appellate District, Division Two.—May 3, 1923.]

## FLORENCE REMPEL, Respondent, v. H. R. KELLS et al., Appellants.

[1] AGENCY — SALE OF REAL ESTATE — SECRET PROFITS — UN-AUTHORIZED EXPENDITURES BY BROKERS. — In this action to recover secret profits, the defendants, without plaintiff's knowledge, having caused the title to the property to be vested in their agent under a purported sale at a given price and thereafter sold the property at an increased price, but having accounted to plaintiff only for the lesser amount, after deducting their commission and the expenses, and there having been no evidence showing any authority in defendants to make alterations and repairs, they having been employed only to negotiate a sale, the trial court properly refused to credit them with amounts claimed to have been expended by them in making alterations and repairs or with a commission on the sale at the increased price.

[2] ID.—UNLAWFUL ACTS—INTENT—PRESUMPTION.—In such action, the act of the defendants having been unlawful, it is presumed to have been done with an unlawful intent.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Farrand & Slosson for Appellants.

Cornelius M. Enns and M. G. Ferrahian for Respondent.

STURTEVANT, J.—The plaintiff, as principal, commenced an action to recover a judgment for secret profits against the defendants as her agents. The plaintiff had judgment in the trial court and the defendants have appealed.

The trial court made findings which are not challenged except as hereinafter stated. The findings refer to certain documents which are pleaded *in haec verba* in the complaint. For the purpose of brevity we have substituted the document for general reference, and without making any other changes, the findings tell the following story:

---

1. Fraud and secret dealings or interest of real estate brokers as affecting commissions, note, 45 L. R. A. 33.

"That the defendants H. R. Kells and C. W. Grant are, and at all the times hereinafter mentioned were, copartners, and as such doing business as realtors in the City of Los Angeles in said county and state under the firm name of Kells & Grant, that William Huntting Cooper and Harvey Crane at all the times herein mentioned were salesmen and agents of said firm in their said business, that defendant Annabel Grant is the sister of said C. W. Grant and is and at all times herein mentioned was the agent and assistant of said firm, and that Lulu B. Cooper is the wife of said William Huntting Cooper.

"That on the 3rd day of February, 1920, the plaintiff consulted said Kells and Grant, experienced real estate men of her neighborhood, regarding the value and selling of her then home and residence property, 527 South Hobart Boulevard in the City of Los Angeles in said county and state, who then examined said property, estimated its selling value at $18,000.00, and entered into a written agreement with her to find a purchaser for her in 30 days, which agreement fixed the minimum price at $15,000.00 plus $750.00 as commission to said agents.

"That after the expiration of said 30 days said Kells and Grant continued as agents for the sale of said property by mutual consent. That during said agency said Kells and Grant and their said salesman Cooper submitted to plaintiff the offer of one customer to buy said property for $15,000, which plaintiff declined, and on April 1, 1920, the day before plaintiff's departure for her new home in Vermont, urged her to approve and sign an agreement for the purchase of said property at $14,000, made by them with Elizabeth F. Davies as buyer, that plaintiff then yielded, approved and signed said agreement to sell at such reduced price and to pay said Kells and Grant a commission of $700 out of the proceeds of such sale, then also signed and acknowledged a grant deed and other papers prepared by her said agents to be used in such sale, entrusted said deed and papers to her said agents to be used by them in the consummation of said sale, and thereupon departed for Vermont.

"That, after plaintiff's departure, the said buyer Elizabeth F. Davies, discovering that there was a dispute with regard to the division of said commission between said Kells

and Grant and an agent who had first showed her said property from the list of said Kells and Grant and fearing a lawsuit, on the 5th day of April, 1920, stopped the payment of her $500 check given to the order of said Kells and Grant as initial payment on her said contract, never received her copy of said contract and repudiated said contract, so notifying said Kells and Grant, who, in the name of the plaintiff and as her agents, acquiesced and canceled said contract, and on the 29th day of April, 1920, telegraphed the plaintiff as follows:

" 'Sorry to report that your deal is not yet closed. Original buyer failed to consummate. We have resold; and deal will close within next few days.

" 'KELLS & GRANT.'

"That on May 1, 1920, while the absent plaintiff was waiting for a report of the price and terms of said re-sale, having complete confidence in her said agents to care for her interest, the said Kells and Grant, without knowledge of plaintiff and in violation of their said agency and in fraud of plaintiff's interests, with the deliberate aid of their said agents Harvey Crane, Annabel Grant and Wm. Huntting Cooper, and of the latter's wife Lulu B. Cooper, sold said property to themselves and said Annabel Grant, to own and use said property and sell the same at an advance price for their own advantage, and they accomplished such sale to themselves and concealed the same from plaintiff, as found below.

"That upon failure of said Davies contract said Kells and Grant, in conference with their escrow clerk, decided not to write to plaintiff and not to ask her for the deed to a new customer, but to alter the deed made for said Elizabeth Davies, which plaintiff had entrusted to them, and thereupon caused the name of Elizabeth F. Davies to be erased from said deed and the names of their said salesman Wm. Huntting Cooper and his wife Lulu B. Cooper to be inserted as grantees in said deed, altho said Coopers never obligated themselves to buy said property nor paid anything to make such purchase.

"That said Coopers on May 1, 1920, executed their grant deed to Annabel Grant, conveying said property of plaintiff, and delivered such deed to defendants Kells and Grant and Annabel Grant.

"That defendants Kells and Grant and Annabel Grant then placed said altered deed to the Coopers and said deed from the Coopers to Annabel Grant in one escrow with the Title Insurance and Trust Company, Los Angeles, Cal., supplied for such escrow the funds needed for a sale of said property at the price of $14,000, and at the closing of said escrow, received said deeds and under them took, managed, used and enjoyed said property as their own.

"That defendants never reported to plaintiff the price and particulars of the re-sale mentioned in their said telegram, nor did they report to her any of the facts found above in this paragraph, except that they after such successful destruction and appropriation of plaintiff's legal title to said property caused said title company to send to plaintiff an escrow statement, as follows:

" 'Escrow Statement of Florence Rempel. Escrow No. 160549.

In Account with

Title Insurance and Trust Company

In Escrow with Kells and Grant.

| | | |
|---|---|---|
| Demand by Deed | $14,000.00 | |
| Credit a/c insurance *pro rata* | 42.98 | |
| Guarantee | 50.00 | |
| Escrow fee | 14.00 | |
| Revenue stamps | 14.00 | |
| Insurance transfers | 1.00 | |
| Commission—Kells and Grant | 700.00 | |
| Check herein for balance | 13,263.98 | |
| Total | 14,042.98 | 14,042.98 |

" 'Los Angeles, Cal., 5/11/20.

" 'TITLE INSURANCE AND TRUST COMPANY

" 'SETTLEMENT DEPARTMENT.'

and caused said title company to disburse said $14,000 and the unearned insurance premium of $42.98, in accordance with said escrow statement as follows:

For title certificate, escrow fee, rev. stamps, insur. transf.................................... 79.00,
to Kells and Grant as commission.............. 700.00
to plaintiff the balance of said $14,042.98, to-wit:
.......................................$13,263.98.

"That on the 29th day of June, 1920, said defendants Kells and Grant and Annabel Grant, without knowledge of plaintiff, in violation of law and in breach of the trust imposed on them by the law in favor of plaintiff, sold and conveyed said property as their own property to Rudolph C. Fritz and Lena Fritz, his wife, for the consideration of $19,000, delivering to said buyers the deed of said Annabel Grant, the holder of the record title, dated June 29, 1920, and recorded July 19, 1920, and the said buyers, having no notice of plaintiff's rights in said property, have paid the whole of said consideration to said defendants.

"That plaintiff, in May, 1920, received and retained said remittance in the belief that her said agents had faithfully represented her and had obtained for her the best customer and the best price obtainable, that plaintiff has had little experience in real estate transactions, that she did not suspect or learn that her said deed had been altered until January, 1921, and did not learn the said facts resulting in the transfer of her said property to the defendants and in its later transfer to said Fritz and wife until March, 1921, that she then demanded an explanation and settlement from said Kells and Grant, who answered that they had taken over said property for themselves and denied any liability to plaintiff.

"That plaintiff has elected as the measure of her damages caused by defendants the proceeds of said sale to Fritz and wife with interest thereon, under section 2237 of the Civil Code.

"That, at the time of such taking over by defendants, said property was in good and salable condition, was not in need of repairs or alterations, that said defendants did not expend $2,500 or any other sum in repairing and altering said property, that defendants did not pay $950 or any sum as real estate broker's commission on such sale to Fritz and wife, and that the expenses for title certificate, revenue stamps and fees attending such transfer to said Fritz and wife did not exceed the sum of $85.96."

[1] The appellants complain because the trial court in framing its judgment did not credit the appellants with amounts claimed to have been expended by the appellants in making alterations and repairs. It will be noted that the appellants caused the title to be vested in their agent

under a deed dated May 1, 1920. They offered no evidence at the trial showing that any repairs were made prior to that date. The appellants were employed to negotiate a sale. The respondent never at any time conferred on the appellants any authority to make alterations or repairs. Any expenditures made by the appellants for the account of the respondent after May 1, 1920, were made by the appellants as volunteers. The same claim is made by the appellants regarding a commission on the sale to Mr. and Mrs. Fritz, but it appears that the sale was made nearly sixty days after the appellants had wrongfully taken title in themselves.

[2] The appellants further contend that the record does not show that they acted with intent to defraud the respondent, but the act of the appellants was in itself unlawful. (Pen. Code, secs. 115 and 470.) It is presumed that an unlawful act was done with an unlawful intent. (Code Civ. Proc., sec. 1963, subd. 2.)

The appellants contend that when Mrs. Davies declined to take the property that they had the right to accept a transfer to themselves from Mrs. Davies. A complete answer is that Mrs. Davies never executed a transfer. When the sale was negotiated the appellants executed to Mrs. Davies a receipt that they had "received from Elizabeth F. Davies the sum of $500 as deposit and part payment. . . . " They now claim that they received a check and that the payment of the check was stopped, etc. It is not made to appear, and probably the trial court did not accept as a fact, that Mrs. Davies ever in good faith entered into a contract to purchase.

The record shows no error and the judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.